**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GULFPORT ENERGY CORPORATION, <br><br> Defendant. | Case No. 2:20-cv-00340-ALM-CMV |

**UNITED STATES' MOTION FOR ENTRY OF CONSENT DECREE**

The United States of America files this Motion for entry of the proposed Consent Decree that was lodged in this case on January 22, 2020, and docketed in the Court's Electronic Case Filing System as ECF No. 2-1.[1] If approved and entered by this Court, the Consent Decree would conclude this case on the terms and conditions set forth in that settlement agreement. The defendant in this case – Gulfport Energy Corporation ("Gulfport") – has co-signed the proposed Consent Decree and supports its approval and entry as a final judgment in this case. The defendant will not be filing a brief or making an appearance in response to this Motion, so the Motion is ripe for decision.

---

[1] In this Motion, docketed filings in this case are cited by reference to the ECF system docket number, using the citation format "ECF No. __."

**Brief Background and Basis for the Motion**

1. On January 22, 2020, the United States filed a Complaint in this action seeking civil penalties and injunctive relief for alleged violations of the Clean Air Act, 42 U.S.C. §§ 7401-7671q, at 12 oil and natural gas production well pads that Gulfport owns and operates in eastern Ohio (the "Facilities"). ECF No. 1. On the same day, the United States lodged a proposed Consent Decree containing proposed terms of a settlement. ECF No. 2-1.

2. The United States' Complaint alleges that Gulfport has violated statutory and regulatory requirements applicable to storage tanks at the Facilities arising under the Clean Air Act and EPA regulations establishing standards of performance for crude oil and natural gas production, transmission, and distribution facilities (codified at 40 C.F.R. Part 60, Subpart OOOO), as well as corresponding requirements in Gulfport's Clean Air Act operating permits for the Facilities. Most of those requirements are designed to control volatile organic compound emissions from the Facilities.

3. The proposed Consent Decree would require that Gulfport: (1) implement appropriate injunctive relief to control air pollutant emissions from storage tanks at the Facilities; (2) undertake additional mitigation measures to help offset unauthorized past air pollutant emissions; and (3) pay a total of $1,700,000 in civil penalties (plus interest) to the United States.

4. Pursuant to Department of Justice policy codified a 28 C.F.R. § 50.7, the United States published notice of the lodging of the proposed Consent Decree in the Federal Register, which commenced a 30-day public comment period. *See* 85 Fed. Reg. 5,039 (Jan. 28, 2020). The Justice Department received one set of comments, submitted by the Environmental Law and Policy Center.

5. As explained in the accompanying Brief in support of this Motion, the points made in the comments do not alter the United States' belief that the Consent Decree is fair, reasonable, in the public interest, and consistent with the purposes of the Clean Air Act. In addition to obtaining an appropriate civil penalty and suitable injunctive relief, the Consent Decree would have the benefit of resolving the claims asserted against Gulfport without protracted litigation, thereby avoiding a potentially significant devotion of time and resources by the Court and the parties. The Court should approve and enter the Consent Decree for these reasons. *See United States v. Lexington-Fayette Urban Cty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010) ("The criteria to be applied when a district court decides whether to approve and enter a proposed consent decree, are whether the decree is fair, adequate, and reasonable, as well as consistent with the public interest.") (internal quotations omitted).

## Conclusion

For the foregoing reasons, the Court should approve the proposed Consent Decree and enter it as a final judgment in this case.

                                                   FOR THE UNITED STATES OF AMERICA:

                                                   KAREN S. DWORKIN, Deputy Chief
                                                   Environmental Enforcement Section
                                                   Environment and Natural Resources Division
                                                   U.S. Department of Justice

Dated: March 16, 2020          s/ *Randall M. Stone*
                                                   RANDALL M. STONE, Senior Attorney
                                                   Environmental Enforcement Section
                                                   U.S. Department of Justice
                                                   P.O. Box 7611
                                                   Washington, DC 20044-7611
                                                   Tel. No.:    (202) 514-1308
                                                   Fax No.:    (202) 616-6584
                                                   E-mail: randall.stone@usdoj.gov

DAVID M. DEVILLERS
United States Attorney
Southern District of Ohio


MARK D'ALESSANDRO
Civil Chief, Office of the United States Attorney
Southern District of Ohio
303 Marconi Blvd., Suite 200
Columbus, OH  43215
Tel. No.:      (614) 469-5715
Fax No.:      (614) 469-5653

4

CERTIFICATE OF SERVICE

In accordance with Paragraphs 77 and 90 of the proposed Consent Decree lodged in this case, I certify that on this date I caused copies of the foregoing Motion to be served on the following individuals by electronic mail:

>Stephanie Timmermeyer
>Vice President of EHSR and Purchasing
>Gulfport Energy Corporation
>stimmermeyer@gulfportenergy.com
>
>Donald K. Shandy
>Crowe & Dunlevy
>don.shandy@crowedunlevy.com
>
>
>Kiana Courtney
>Jeffrey Hammons
>Environmental Law and Policy Center
>KCourtney@elpc.org
>JHammons@elpc.org


Dated:  March 16, 2020                              s/ *Randall M. Stone*